UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 6:08-cr-212-ORL-31-JJK |
| | 18 U.S.C. § 1347 |
| v. | 18 U.S.C. § 1035 |
| | 18 U.S.C. § 1028A(a)(1) |
| CARLOS J. LOPEZ | 18 U.S.C. § 982(a)(2) - Forfeiture |
| | 18 U.S.C. § 1028(b)(5) - Forfeiture |

## INDICTMENT

The Grand Jury charges:

### COUNTS ONE THROUGH NINE
(Health Care Fraud Counts)

#### A. Introduction

At times material to this Indictment:

1. Medicare was a health care benefit program, that is, a public plan and contract, affecting commerce, under which medical benefits, items, and services were provided to eligible individuals ("Medicare beneficiaries"), generally those who were at least sixty-five years old or disabled.

2. Medicare beneficiaries had the option of participating in the Medicare Part B program, which provided supplementary medical insurance benefits, including, among other things, physicians' and outpatient services.

3. The Health Care Financing Administration ("HCFA"), which became the Centers for Medicare and Medicaid Services ("CMS"), was an agency of the United States Department of Health and Human Services and was responsible for the administration of Medicare. HCFA/CMS, in turn, contracted with private insurance

companies, known as "carriers," to assist in the administration of Medicare, which included receiving, adjudicating, processing, and paying claims under Medicare.

4. Blue Cross and Blue Shield of Florida, Inc. was the carrier that, through its wholly-owned subsidiary First Coast Service Options, Inc. ("First Coast"), administered Medicare for physicians' and outpatient services in Florida.

5. A Advance Medical Group, Inc. ("A Advance Medical") was a Florida corporation located in Orlando, Florida and operated by CARLOS J. LOPEZ.

6. CARLOS J. LOPEZ maintained a bank account in the name of A Advance Medical Group, Inc., for which he was the sole authorized signatory.

7. Medical providers had the option of participating in Part B of Medicare by entering into agreements with HCFA/CMS to become "participating suppliers." A Advance Medical was a participating supplier that submitted claims for reimbursement under Medicare.

8. To make a claim for payment under Medicare, participating suppliers submitted a form called "HCFA/CMS Claim Form 1500," which could be submitted electronically. HCFA/CMS Claim Form 1500 required, among other things, personal identifying information about the Medicare beneficiary, identification of the services provided, identification of the physician who performed the services, the diagnosis justifying the services, and a certification that the services were medically indicated and necessary for the health of the patient.

9. CARLOS J. LOPEZ submitted, or caused to be submitted, HCFA/CMS Claim Forms 1500 seeking reimbursement from Medicare for the provision of medical services.

## B. The Scheme and Artifice

10. Beginning in or about June 2005, and continuing through in or about May 2007, in Orange and Duval Counties, in the Middle District of Florida, and elsewhere, the defendant,

**CARLOS J. LOPEZ**

knowingly, willfully, and with intent to defraud, did execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, that is, Medicare, and to obtain, by means of false and fraudulent pretenses, representations, and promises, any of the money and property owned by, and under the custody and control of, a health care benefit program affecting commerce, that is, Medicare, in connection with the delivery of and payment for health care benefits, items, and services.

## C. Manner and Means

The substance of the scheme and artifice, and the manner and means utilized to accomplish its ends, included, among other things, the following:

11. It was a part of the scheme and artifice that the defendant would and did hold A Advance Medical out as a diagnostic testing clinic.

12. It was a further part of the scheme and artifice that the defendant would and did fraudulently obtain personal identifying information of approximately six hundred sixteen different Medicare beneficiaries, including their Medicare health insurance claim numbers, which were unique identification numbers assigned to Medicare beneficiaries and which reflected the beneficiaries' Social Security numbers.

13. It was a further part of the scheme and artifice that, using the health insurance claim numbers that he had fraudulently obtained, the defendant would and did submit, and would and did cause to be submitted, claims for A Advance Medical to be paid under Medicare for medical services that were never provided.

14. It was a further part of the scheme and artifice that the defendant would and did falsely and without authorization identify physician A.A. as the physician who purportedly provided medical services to Medicare beneficiaries on behalf of A Advance Medical.

15. It was a further part of the scheme and artifice that, as a result of false and fraudulent claims that falsely stated that physician A.A. provided services to certain Medicare beneficiaries on behalf of A Advance Medical, the defendant would and did receive approximately $952,641.60 from Medicare to which he was not entitled.

16. It was a further part of the scheme and artifice that the defendant would and did conduct these activities in a manner calculated to conceal and cover up the fraudulent nature of this scheme and artifice, and to mislead and deceive the Medicare program and others.

### D. Executions of the Scheme and Artifice

17. On or about the dates set forth below in each count, in Orange and Duval Counties, in the Middle District of Florida, and elsewhere, for the purpose of executing the aforementioned scheme and artifice to defraud a health care benefit program affecting commerce, that is, Medicare, and to obtain, by means of false and fraudulent pretenses, representations, and promises, any of the money and property owned by,

and under the custody and control of, a health care benefit program affecting commerce, that is, Medicare, and attempting to do so, the defendant,

### CARLOS J. LOPEZ

in connection with the delivery of and payment for health care benefits, items, and services, knowingly, willfully, and with intent to defraud, did submit, and did cause to be submitted, the following claims for payment under Medicare:

| Count | Date of Claim | Date Service Purportedly Provided | Medicare Beneficiary |
|---|---|---|---|
| One | May 23, 2006 | January 2, 2006 | R.P. |
| Two | May 23, 2006 | January 6, 2006 | John M. |
| Three | June 20, 2006 | May 2, 2006 | John M. |
| Four | February 20, 2007 | January 12, 2007 | E.L. |
| Five | February 27, 2007 | October 6, 2006 | H.C. |
| Six | February 27, 2007 | October 9, 2006 | T.C. |
| Seven | February 27, 2007 | December 4, 2006 | C.E. |
| Eight | March 6, 2007 | December 6, 2006 | M.S. |
| Nine | March 6, 2007 | December 7, 2006 | A.V. |

All in violation of Title 18, United States Code, Sections 1347 and 2.

### COUNTS TEN THROUGH SEVENTEEN
(False Statement Counts)

On or about the dates set forth below in each count, in Orange and Duval Counties, in the Middle District of Florida, and elsewhere, in a matter involving a health care benefit program affecting commerce, that is, Medicare, the defendant,

### CARLOS J. LOPEZ

knowingly and willfully did make materially false, fictitious, and fraudulent statements and representations, and did make and use materially false writings and documents knowing the same to contain materially false, fictitious, and fraudulent statements and entries, in connection with the delivery of and payment for health care benefits, items, and services, that is, in submitting claims for payment under Medicare, and causing the submission of such claims, did falsely claim that certain medical services were performed on the Medicare beneficiaries named below in each count by physician A.A., when, in fact, the services never were performed by physician A.A.:

| Count | Date of Claim | Date Service Purportedly Provided | Medicare Beneficiary |
|---|---|---|---|
| Ten | July 27, 2006 | June 1, 2006 | I.A. |
| Eleven | October 25, 2006 | August 4, 2006 | L.C. |
| Twelve | October 25, 2006 | August 8, 2006 | Juan M. |
| Thirteen | March 6, 2007 | December 15, 2006 | W.Z. |
| Fourteen | March 6, 2007 | December 19, 2006 | M.I. |
| Fifteen | March 6, 2007 | March 3, 2007 | E.S. |
| Sixteen | March 21, 2007 | January 17, 2007 | O.P. |
| Seventeen | March 29, 2007 | February 27, 2007 | P.G. |

All in violation of Title 18, United States Code, Sections 1035 and 2.

### COUNTS EIGHTEEN AND NINETEEN
### (Aggravated Identity Theft Counts)

### COUNT EIGHTEEN

On or about February 20, 2007, in Orange and Duval Counties, in the Middle District of Florida, and elsewhere, the defendant,

### CARLOS J. LOPEZ

knowingly did transfer, possess, and use, without lawful authority, means of identification of another person, to wit, the name of Medicare beneficiary E.L. and E.L.'s Medicare health insurance claim number, during and in relation to a violation of 18 U.S.C. § 1347, that is, health care fraud.

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT NINETEEN

On or about March 6, 2007, in Orange and Duval Counties, in the Middle District of Florida, and elsewhere, the defendant,

## CARLOS J. LOPEZ

knowingly did transfer, possess, and use, without lawful authority, means of identification of another person, to wit, the name of Medicare beneficiary M.I. and M.I.'s Medicare health insurance claim number, during and in relation to a violation of 18 U.S.C. § 1035, that is, making a false statement relating to a health care matter.

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## FORFEITURES

1. The allegations contained in Counts One through Seventeen of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 982(a)(2).

2. The defendant, **CARLOS J. LOPEZ**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2), any and all right, title, and interest he may have in any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violations of Title 18,

United States Code, Sections 1035 and 1347, including, but not limited to, a sum of money equal to $952,641.60 in United States currency, representing the amount of proceeds obtained as a result of the offenses of health care fraud and making false statements in health care matters.

3. The allegations contained in Counts Eighteen and Nineteen of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 982(a)(2) and Title 18, United States Code, Section 1028(b)(5).

4. The defendant, **CARLOS J. LOPEZ**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2), any and all right, title, and interest he may have in any property constituting, or derived from, proceeds he obtained directly or indirectly, as a result of such violations of Title 18, United States Code, Section 1028A(a)(1), and pursuant to Title 18, United States Code, Section 1028(b)(5), any personal property used or intended to be used to commit the offense, including, but not limited to, a sum of money equal to $952,641.60 in United States currency, representing the amount of proceeds obtained as a result of the offenses of health care fraud and making false statements in health care matters.

5. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 18, United States Code, Section 1028(g).

             A TRUE BILL,

             Foreperson

ROBERT E. O'NEILL
United States Attorney

By: _____
Katherine M. Ho
Assistant United States Attorney

By: _____
Roger B. Handberg
Assistant United States Attorney
Chief, Orlando Division

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT

Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

CARLOS J. LOPEZ

## INDICTMENT

Violations:

18 U.S.C. § 1347
18 U.S.C. § 1035
18 U.S.C. § 1028A(a)(1)

A true bill,

_____
Foreperson

Filed in open court this 24th day
of September, A.D. 2008.

_____
Clerk

Bail  $ _____

Revised 05/03/2007

GPO 863 525